UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 19, 2006[*]
Decided July 24, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

| | |
|---|---|
| No. 05-3564 | |
| | Appeal from the United States District Court for the Eastern District of Wisconsin |
| QUINN JOHNSON, *Plaintiff-Appellant*, | |
| *v.* | No. 03-C-764 |
| SHARON WILLIAMS and MATTHEW J. FRANK, *Defendants-Appellees*. | J.P. Stadtmueller, *Judge*. |

**O R D E R**

Quinn Johnson is serving a 22-year Wisconsin sentence on his 1994 conviction for possession of cocaine with intent to deliver. Johnson, who has a history of armed-robbery convictions, was denied parole in 2000 with the explanation that early release would deprecate the seriousness of his drug offense and pose an unreasonable risk to the public. But Johnson asserts that there was another reason for the denial: a "new rule" allegedly issued in 1997 by the Secretary of the Department of Corrections forbidding the Wisconsin Parole Commission from granting early release to drug offenders. Johnson sued under 42 U.S.C. § 1983

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

seeking to enjoin use of this purported rule in the future. *See Wilkinson v. Dotson*, 544 U.S. 74 (2005); *Grennier v. Frank*, No. 05-3964, 2006 WL 1815980, at *1 (7th Cir. July 5, 2005). As relevant here, he claimed that applying the provision to him violates the Ex Post Facto Clause of the Constitution. *See* U.S. Const. art. 1, § 10, cl. 1. The district court granted summary judgment for the defendants, and Johnson appeals.

Johnson's claim fails because he produced no evidence that the Parole Commission ever adopted a rule like the one he describes. All he points to in support of his allegation are the minutes of a 1996 meeting of the state senate's Joint Committee on Finance, which approved a proposed bill that would have prohibited the Parole Commission from allowing "any early release of drug dealers during 1996-97." There is neither evidence that the full senate and house ever approved the bill, nor evidence that the Parole Commission undertook a similar initiative that it still follows today.

AFFIRMED.